IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **DEBORAH LAUFER** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | MO:20-CV-00164 |
| | § | |
| **ANDREWS HOTEL INVESTMENTS, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER DISMISSING CASE

On this day, the Court considered the status of the above-captioned cause. An examination of the record demonstrates that the Court lacks jurisdiction to hear this matter. Accordingly, the Court **DISMISSES** this case without prejudice.

### I. BACKGROUND

Plaintiff filed this civil action in the United States District Court on July 7, 2020. (Doc. 1). Plaintiff is an individual with disabilities who also considers herself a "tester" for purposes of Americans with Disabilities Act (ADA) compliance. *Id.* at 1–2. Plaintiff visits third-party booking websites and determines whether they contain enough information about accessibility features at hotels or motels so that a similarly situated disabled person could make a fully informed booking decision. *Id.* at 2. Plaintiff visited the following websites between June 29 and July 3, 2020: www.expedia.com, www.booking.com, www.orbitz.com, www.priceline.com, www.agoda.com, and www.trip.com. *Id.* at 4. Plaintiff alleges that none of the websites provided sufficient information with respect to the Andrews Motor Inn, a place of lodging owned by Defendant, and that her continued knowledge of the lack of information is sufficient injury to support her claims under the ADA and applicable regulations. *Id.* at 7–9.

Plaintiff filed a Motion for Summary Judgment to which Defendant responded and filed a Motion to Dismiss.[1] (Docs. 10, 11). Plaintiff filed a Reply and a Response to the Motion to Dismiss. (Docs. 12, 13). Subsequently, the Fifth Circuit issued a decision in a factually similar case that Plaintiff filed: *Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269 (5th Cir. 2021). Due to the Fifth Circuit's decision that Plaintiff lacks constitutional standing in a similar case, the Court exercises its authority to *sua sponte* consider its jurisdiction to hear the instant matter. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (noting courts may raise issues of subject matter jurisdiction on their own initiative at any time).

## II. LEGAL STANDARD

Constitutional standing requires that "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The deprivation of a statutorily-created right "must be accompanied by some concrete interest that is affected by the deprivation" to satisfy the injury in fact requirement for standing. *Laufer v. Mann Hospitality, L.L.C.*, 996 F.3d 269, 272 (5th Cir. 2021) (quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016)).

At the pleading stage, the plaintiff bears the responsibility "clearly to allege facts" demonstrating all elements of standing. *Warth v. Seldin*, 422 U.S. 490, 518 (1975). Standing is an essential element of subject matter jurisdiction. *Spokeo*, 136 S.Ct. at 1547. If the pleadings present a subject matter jurisdiction issue, "courts are obliged to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

---

1. Since Defendant's Motion to Dismiss did not contain legal authorities or an attorney's signature, it is not considered in this Order. *See* Local Rule CV-7(d)(1).

### III. DISCUSSION

Plaintiff has filed "hundreds of identical lawsuits around the country." *Mann Hospitality*, 996 F.3d at 271 (citing *Laufer v. Dove Hess Holdings*, LLC, 2020 WL 7974268, at *17–18 (N.D.N.Y. Nov. 18, 2020)). Since the time Plaintiff filed this lawsuit, the Fifth Circuit has ruled on one of said "hundreds." *Id.* In *Mann Hospitality*, the Fifth Circuit concluded Plaintiff failed to assert an injury in fact and could not establish standing. *See generally id..* As previously mentioned, Plaintiff raised substantially similar arguments in this case and *Mann Hospitality*. Consequently, the Court considers whether Plaintiff can demonstrate standing in the instant action.

Plaintiff's claim turns on the first of the three elements of constitutional standing—injury in fact. *See Spokeo*, 136 S.Ct. at 1547–48 (setting out the three elements and noting injury in fact is "the first and foremost" of the elements). In *Mann Hospitality*, the Fifth Circuit held that even if a failure to advertise accessibility information can support a claim under the ADA, the information sought must have "some relevance to the litigant." 996 F.3d at 272 (quoting *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 654 (4th Cir. 2019)). The Fifth Circuit concluded Plaintiff's alleged "informational injury" based on the lack of information on hotel or motel booking websites could not confer standing because Plaintiff lacked "sufficiently concrete plans to book a stay." *Id.* It noted that even "testers" are required to demonstrate that the information has at least some relevance to them. *Id.* Plaintiff's Complaint is devoid of factual allegations that demonstrate she has made concrete plans to stay at Defendant's property and thus she has failed to establish she has suffered an injury in fact for purposes of standing. (*See generally* Doc. 1).

Because Plaintiff's Complaint fails to demonstrate injury in fact, it also fails to demonstrate "each element" of standing. *See Warth*, 422 U.S. 490 at 518. And, since the pleadings fail to "clearly allege facts demonstrating" each element of standing, the Court does not have subject matter jurisdiction. *See Spokeo*, 136 S.Ct. at 1547. While the Court hopes that Plaintiff has a chance to enjoy the unrivaled hospitality of West Texas soon, this case must be dismissed for lack of subject matter jurisdiction at this time.

## IV. Conclusion

Accordingly, the Court **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE**.

Further, all pending motions are **DENIED** as moot.

Finally, the Clerk of Court is **ORDERED** to close this case.

It is so **ORDERED**.

SIGNED this 15th day of July, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE